SAMUEL L. FOGG *versus* DARIUS BABCOCK.

Certain facts having been proved by the plaintiff, by competent evidence, a new trial will not be granted because the Court had improperly allowed a witness for the defence to testify to the same facts at an earlier stage of the trial.

A negotiable promissory note is to be regarded as none the less *assignable*, because its transfer by indorsement so vests the title to it in the assignee as to enable him to maintain an action upon it in his own name.

The assignor in such case, having been called and examined as a witness, by the plaintiff, the party " deriving title through and from the witness;" it is within the letter and spirit of the statute of 1855, c. 181, § 3, to admit the defendant, as " the adverse party," to testify " to the same matter, in his own behalf," which the assignor had covered by his testimony in the direct examination.

ON EXCEPTIONS from *Nisi Prius*, GOODENOW, J., presiding.

This was an action of ASSUMPSIT on a promissory note. The defence was payment to the payee of the note, prior to his transfer of it, over due, to the plaintiff.

*Coburn & Wyman*, for plaintiff.

*Leavitt*, for defendant.

APPLETON, J.—The note in suit was payable to Joshua Fogg, and after its maturity was by him transferred to the plaintiff by indorsement.

Benjamin Barker, a witness called by the defendant, testified that the defendant requested him to ask Joshua Fogg to show him the credits on his book in favor of the defendant, and that he communicated this request to Fogg, by whom the credits were shown him. He was then, notwithstanding the plaintiff's objections, permitted to state what those items of credit were. Joshua Fogg was then called on the part of the plaintiff, who produced his books, containing the account between him and the defendant, and to which the previous testimony of Barker referred.

A new trial is claimed because of the admission of the testimony of Barker. Were the testimony of Barker to be regarded as improperly received, it is difficult to perceive why, for that cause, a new trial should be granted. Certain facts having been proved by the plaintiff, by competent evidence, received at his own instance, no new trial should be granted because the same facts at an early stage of the proceedings may have been established by testimony justly liable to exception. The plaintiff cannot have been injured by the proof of facts which do not appear to have been disputed, and which his own witness has shown to be true, however objectionable may be the medium through which the proof was derived, when the same facts were proved on the part of the defendant.

A note of hand is a chose in action and assignable by indorsement. It is none the less to be regarded as assignable because it so vests in the assignee, that he may maintain an

action upon it in his own name. The assignor in the case at bar was called and examined as a witness by the plaintiff, a party "deriving title through and from him." The defendant, "the adverse party," was admitted under the statute of 1855, c. 181, § 3, to testify "to the same matter in his own behalf," about which the assignor, Joshua Fogg, in his direct examination, had previously testified; and his testimony was especially limited to that extent. The evidence, as thus presented, is equally within the letter and the spirit of the Act to which reference has been made. Any other or different construction would render it without meaning or effect.

*Exceptions overruled. — Judgment on the verdict.*

TENNEY, C. J., and RICE, CUTTING, and MAY, J. J., concurred.